VICTOR CARTAGENA, as Administrator of the Estate of ANTO-
NIO CARTAGENA, Deceased, Respondent, v P & F TRUCK-
ING, INC., et al., Appellants.

First Department, April 3, 1980

APPEARANCES OF COUNSEL

*Morris Hass* of counsel *(Wolff & Hass,* attorneys), for appellants.

*Kenneth B. Becker* of counsel *(Panken, Besterman, Winer & Becker,* attorneys), for respondent.

## OPINION OF THE COURT

SILVERMAN, J.

In this wrongful death action, defendants appeal from a judgment of the Trial Term of the Supreme Court in favor of plaintiff in the sum of $43,125.24 ($40,000 plus interest and costs). The jury had apportioned negligence and liability in the proportions of 60% to the corporate defendant, 20% to the individual defendant, and 20% to the decedent.

In our view, the judgment is based upon a verdict which is inconsistent with itself, and with the theory of the case as tried by the parties and as submitted by the court, in violation of the court's instructions and the law, and is marred by indications of prejudice against the corporate defendant P & F Trucking, Inc.

The action is for wrongful death of a nine-year-old boy, killed when a truck, backing into a courtyard over a public sidewalk, struck the boy who was apparently riding a bicycle on the sidewalk behind the truck. The corporate defendant was the employer of defendant Rinaldi, the driver of the truck. In its main charge, the court made it clear that the negligence charged against the defendants was that of the driver only, defendant Rinaldi, and that "you will treat the two defendants as one. In other words, the verdict will be for or against these defendants as though they were just one." The court also said that if the jury found defendant Rinaldi guilty of negligence, it should consider whether the decedent was guilty of negligence, and if the jury did find such negli-

gence, "your verdict will be against the defendant and for the plaintiff, but plaintiff's damages must be reduced in that proportion which the contributory negligence of Antonio [decedent] bears to the total negligence, of Antonio and the defendant together, as one hundred per cent, which you find contributed to causing the occurrence." In essence the jury was given the choice between a verdict for the defendants, and a verdict for the plaintiff either in the full amount of the damages or in an amount of damages reduced proportionately to the decedent's negligence. Contrary to these instructions, the jury sent in a note to the court saying, "The jury finds negligence on the part of P. & F. Trucking Company. The vote was unanimous (six)."

As the court said, the jury was confused and some further elucidation or explanation was needed. Obvious questions left unanswered were (a) whether the jury had distinguished between the negligence of the corporate defendant and that of the driver, or was the jury merely stating its verdict incompletely; (b) had the jury found any negligence on the part of the decedent? Accordingly, the court, the next day asked the jury to report in what percentage the jury found P & F Trucking negligent, what percentage it found the defendant Rinaldi negligent, if at all, and what percentage it found the decedent negligent, if at all, and that the percentages of the three should add up to 100%. Under this instruction there was of course the chance that the jury might find a different percentage for the employer than for the driver. The defendant did not object at this point; but perhaps this was justified by the necessity of exploring whether, contrary to the court's instructions, the jury had distinguished between the corporate employer and the driver. The court said: "It seems to me that my proposed charge is necessitated by the fact that the jury did not follow my instructions and bring in a verdict against the defendant. As I have just stated, I don't know if it's only negligence on the part of P. & F. Trucking Company." And, indeed, it turned out that the jury was distinguishing between the corporate employer and the driver, the jury reporting, "The jury finds P. & F. Trucking Company sixty per cent negligent, Mr. Rinaldi twenty per cent negligent, and Antonio Cartagena twenty per cent negligent."

The charge that the percentages should add up to 100% almost inevitably would produce an inconsistent verdict. Plaintiff's attorney properly objected to that. Defendant's

attorney remained silent. But the end result was a verdict so inconsistent with itself that we cannot give effect or meaning to it.

If, as the jury indicated by its percentage allocation, the decedent's negligence was equal to that of the driver, then the gross amount of plaintiff's damages should have been reduced by 50% rather than by 20%. In rendering its judgment, however, the court treated the case as if the jury had said that the infant's negligence was only 20% of the total negligence, which, indeed, the jury had said. But the jury also said the driver was only 20% negligent. We cannot say that the jury's verdict should be read as if it found the driver 80% negligent, in the face of the jury's statement that it found him 20% negligent. Further, if the driver was only 20% negligent, then the decedent could not also be only 20% negligent.

The implication in the dissenting opinion that the direction to the jury to apportion negligence between the two defendants came after the jury's finding that the decedent's pro rata share of negligence was 20% is not sustained by the record. Contrary to the trial court's instructions, the jury first found negligence on the part of the corporate defendant. The court then submitted to the jury the question of apportionment of percentage of negligence among the three parties, and the jury's finding that the decedent was 20% negligent came at the same time and as part of the same finding that the corporate defendant was 60% negligent and the individual defendant was 20% negligent.

The ultimate allocation is inconsistent with the theory of the case, and the court's original and proper instructions that the two defendants should be treated as one. Although on appeal plaintiff argues that the corporate employer was independently negligent in not having a second employee on the truck, there is nothing in the pleadings, bill of particulars, or the statement by the court to the jury of the contentions of the parties to support this theory. Even after the jury had rendered its first finding that the corporate defendant was negligent, plaintiff's attorney was still urging that the court had instructed the jury to treat the case as if there were only one defendant, and that that was in fact what the jury had done. As it turned out he was wrong in his belief that that was what the jury had done.

Most disturbing is the indication of prejudice on the part of the jury against the corporate defendant. Despite the fact that

there was no claim that the corporate defendant employer was liable otherwise than derivatively for the driver's negligence, and despite the court's instructions to treat the two defendants as one, and to bring in a verdict either for defendant, or for plaintiff for either the full amount or an amount reduced proportionately to decedent's negligence, the jury at first merely reported that it found negligence on the part of the corporate defendant. Directed then to find the percentage of negligence of each party, the jury found the corporate defendant (whose liability was only derivative) 60% negligent, and the driver and decedent each only 20% negligent.

After this second stage of the verdict, the court submitted to the jury the question of the amount of damages, instructing the jury that it should find for the plaintiff in the total amount of the pecuniary damages suffered less the 20% apportionment to plaintiff for comparative negligence. The jury then asked what was the amount that the plaintiff was asking. The answer was that the plaintiff in his complaint was asking for $100,000, but that the jury should reduce whatever the total amount of plaintiff's pecuniary damages was by 20%. The jury brought in a verdict for the plaintiff for $80,000. The court reduced this verdict to $40,000.

A judgment should not be allowed to stand based on a verdict arrived at with such obvious disregard of the court's instructions, of the law, and of the theory of the case, and with such disturbing indications of prejudice.

The judgment of the Supreme Court, Bronx County (KENT, J.), entered June 18, 1979, should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

LUPIANO, J. (dissenting). At the conclusion of this negligence trial, the trial court charged the jury that the plaintiff contends that the injuries and death of his son "were caused by the negligence of the defendant, Stephen Rinaldi, in operating the truck * * * The defendant * * * Rinaldi denies any negligence on his part * * * Since the defendant, * * * Rinaldi, was employed by the defendant P.& F. Trucking Company, and was driving the truck at the time of the accident, the defendant P. & F. Trucking would be responsible for negligence, if any, on the part of the defendant Rinaldi. Therefore, *you will treat the two defendants as one.* In other words, the verdict will be for or against these defendants as though they were just one * * * If you find that * * * Rinaldi

was negligent, and that his negligence was a proximate cause of Antonio's death, you will * * * proceed to the next question. Was there any negligence on the part of the infant, Antonio, that contributed to causing his death? * * * Such negligence, if found to exist * * * would reduce the damages recoverable * * * If * * * you find that the defendant Rinaldi was negligent, and that Antonio was guilty of negligence too in any material way that contributed to causing his death, your verdict will be against the defendant and for the plaintiff, but plaintiff's damages must be reduced in that proportion which the contributory negligence of Antonio bears to the total negligence, of Antonio and the defendant together, as one hundred per cent, which you find contributed to causing the occurrence" (emphasis supplied).

No mention was made in the charge of any contention or evidence as to active negligence on the part of defendant P & F Trucking, Inc., apart from the active negligence of the driver Rinaldi. No exception to the charge as given was made by plaintiff's counsel (Mr. Becker) or by the defendants' counsel (Mr. Hass). The jury returned a note, after deliberating to the effect that they found negligence on the part of P & F Trucking, Inc. The trial court, over plaintiff counsel's objection, recharged the jury at this point to apportion relative percentages of negligence between the two defendants as well as between defendants and plaintiff. The basis for counsel's proper objection was that the jury's verdict against P & F was sufficient in view of the original charge and that the court was now going contrary to the original charge. Nevertheless, the court gave this supplemental charge despite the fact that nowhere in the entire charge as so supplemented is there mention of any contention or evidence as to defendant P & G Trucking, Inc.'s active negligence, apart from the active negligence of the defendant driver, its employee, Rinaldi.

The judgment appealed from is inflicted with this anomaly in that the prefatory clause recites the jury's verdict holding P & F Trucking, Inc. 60% negligent, defendant Rinaldi 20% negligent, and the deceased 20% negligent. The jury returned a verdict on damages for plaintiff in the amount of $80,000 and apportioned percentages of this amount at 60% against P & F, i.e., P & F would be responsible for $60,000 for its own active negligence, and at 20% against Rinaldi, i.e., Rinaldi would be responsible for $20,000 for his own active negligence. The judgment further recites that plaintiff consented to the

reduction of the jury verdict against the defendants from $80,000 to $40,000. Despite the recitals in the judgment as above indicated, the decretal paragraph of the judgment directs judgment against P & F Trucking, Inc. and Rinaldi in the sum of $40,000, without apportioning same as directed by the jury. This anomaly must and may be corrected on the record herein. First, the exception taken by plaintiff's counsel was patently correct, and the jury, in view of the charge as given, was invited by the trial court to speculate on the issue of defendant P & F's active negligence, which issue was not properly submitted to them. This issue was removed from the trial by virtue of trial court's original charge to which no exception was taken and in which all the parties acquiesced. Consequently, the apportionment of liability between the two defendants by the jury is without proper foundation, is speculative and must be set aside as a matter of law. The result of this process vanquishes the anomaly inherent in the judgment appealed from by removing the taint of the jury verdict based on an active-active dichotomy of negligence on the part of the two defendants.

The jury determined this case in light of the trial court's instructions that the two defendants were to be considered as one and that the recovery allotted to plaintiff, assuming liability was found to exist by the jury against the defendants (considered as one), would be reduced by the pro rata percentage of negligence on the part of the deceased child which contributed to the latter's injury and death. *These instructions were not objected to by any party.* In light of this, the jury's notifying the trial court that it found defendant P & F Trucking, Inc. negligent represented a finding by the jury that the defendants (both Rinaldi, the driver, and his employer, P & F Trucking Inc.) were negligent. At all times the jury was operating under instructions that where it found negligence on the part of the defendants, it was to consider whether the child was guilty of negligence contributing to his own injury and death. Accordingly, the jury's finding that the child's pro rata share of negligence was 20% meant that the defendants' share of negligence was 80%.

At this point, without any clarifying instructions, the trial court merely invited the jury to speculate, that is, it invited the jury to apportion relative percentages of negligence between the two defendants *inter se.* The court did not withdraw its prior instructions to the jury that the defendants were to

be regarded as one, but merely supplemented those instructions, without clarification, by simply asking the jury to apportion liability not only between plaintiff and the defendants, but this time also between the defendants. Thus, when the jury retired to deliberate for some 15 minutes, they simply complied with the court's request by taking the 80% and speculating with it in the apportionment process. They could do little else in view of the entire charge and the facts that nowhere in the charge (or in the record for that matter) is delineation given as to a proper basis for affixing active negligence on P & F Trucking. The speed with which the jury returned its apportionment of 60% as to P & F and 20% as to Rinaldi is indicative of the commonsense reality underlying this analysis.

Of course, on appeal the plaintiff claims that the trial court's error does not mandate a new trial and *as one* of its contentions argues that the corporate employer was independently negligent in not having a second employee in the truck. The fact that plaintiff feels constrained to resort to this meritless argument does not mean that plaintiff's contention that a new trial is not warranted, is in error. The ultimate of the matter is that plaintiff's attorney was correct in urging the trial court not to have the jury unjustifiably speculate on apportioning the damages between the defendants *inter se.* (N. B. No error is claimed or shown respecting the jury's pro rata apportionment of negligence *between plaintiff on the one side and the defendants, as a group, on the other.)* What the jury said here is that the defendants, as a group, are 80% negligent, and this must be viewed solely in light of the only negligence issue submitted to them by the court's charge regarding the defendants, to wit, the alleged negligence of the driver Rinaldi. To construe the jury's speculation on the apportionment of damages among the defendants *inter se* as resulting in an implied finding on their part that, in consequence of attributing 20% of the defendants' 80% negligence to the driver, the jury, in effect, found defendants to be only 50% negligent because such 20% equals the decedent's 20% negligence is to misconstrue, I believe, the natural, reasonable and commonsense process of the jury deliberation as affected by the trial court's original charge and the supplemented charge. The only error I perceive is the jury's acceding to the trial court's improper request to apportion the 80% negligence found by the jury against the defendants whom the jury had

to treat as one pursuant to the trial court's unexcepted to and unwithdrawn instructions. The jury may not be faulted for seeking to please the Trial Judge in this regard, and the litigants should not be penalized for this error by the trial court when we can set the record "straight," as a matter of law. The 60% to 20% apportionment between the defendants became meaningless under these circumstances.

Accordingly, the judgment should be modified to the extent of reversing so much of the judgment as recites defendant P & F Trucking, Inc. to be 60% negligent and defendant Stephen Rinaldi to be 20% negligent, and by correcting the judgment to reflect the decision that the defendants are 80% negligent, and, as so modified, the judgment should be affirmed. We can do this because the jury may be properly viewed as considering the active negligence on the part of Antonio contributing to his own injuries and death in light of the charge as originally given and as supplemented, which supplemental charge did not impair the charge as originally given *in this respect.*

FEIN, J. P., ROSS and MARKEWICH, JJ., concur with SILVERMAN, J.; LUPIANO, J., dissents in an opinion.

Judgment, Supreme Court, Bronx County, entered on June 18, 1979, reversed, on the law and the facts, and vacated, and a new trial directed, with $75 costs and disbursements of this appeal to abide the event.